UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| VICYTORIA CHERYL-LEIGH SORENSEN | 14-04373-5-DMW |
| (aka: Victoria C. Sorensen) | CHAPTER 13 |
| DEBTOR(S) | |

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

**NOW COMES,** the Trustee in the above referenced Chapter 13 case and moved the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on **SEPTEMBER 4, 2014** or has (have) supplied answers to written interrogatories:

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B), and Interim Bankruptcy Rule 1007, and Rule 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee aggregate payments of **$25,228.00**, which amount is the "Plan Base," and such payments shall be paid as follows: **4 MONTHS @ $357.00; 56 MONTHS @ $425.00**. **The Debtor's applicable commitment period under 11 U.S.C. § 1325(b)(4) is 60 months. The Debtor's plan shall not end prior to completion of the applicable commitment period unless all allowed general unsecured claims have been paid in full.** The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the Court and all required thereby to be paid by the Debtor(s). The Debtor(s) must pay the Plan Base to the Trustee for distribution under the terms of the confirmed Plan before a discharge may be entered;

6. The Plan established a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool" as provided for in 11 U.S.C. §1325(b)(1)(B). The Plan established the Unsecured Pool in this case as **$0.00**. After satisfaction of all allowed priority and administrative claims, unsecured creditors shall receive their *pro rata* portion of any funds remaining in the Unsecured Pool;

7. In this case, it is necessary that **general unsecured creditors** receive **$0.00** to satisfy the requirements of §1325(a)(4)(commonly known as the "liquidation test"). If a dollar amount is specified herein which pays less than all such claims in full, those holding such claims shall receive their *pro rata* portion of such amount.

8. Since various factors, including but not limited to periodic fluctuation of the Trustee's commission during the course of this case, may affect the amount of funds in the Unsecured Pool available for distribution to unsecured creditors, the Unsecured Pool shall be increases by the "base" amount not needed to satisfy allowed secured, priority, and administrative claims (including the Trustee's commission);

9. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before **DECEMBER 3, 2014** shall be disallowed. Claims of governmental units, proofs of which are not filed before **JANUARY 27, 2015** shall be disallowed.

10. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 10 below;

11. The claims of the following **secured creditors** shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- A CHEAP RIDE | 2007 SUZUKI | $9,267.32 SECURED | 5.25% INT. WITHIN 60 MONTHS ($175.95 PER MONTH) |
| 23- UNITED CONSUMER FINANCE | VACCUUM | $553.50 SECURED $613.42 UNSECURED | 5.25% INT. WITHIN 60 MONTHS ($10.51 PER MONTH) PRO RATA WITHIN 60 MONTHS |

12. The following creditors have filed secured proofs of claim, but due to the value placed on the collateral, the claims will be treated as unsecured and paid with the other unsecured claims;

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| NONE | | | |

13. The Treatment of claim indicated in paragraphs 11 and 12 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims or amended claims require different treatment;
14. The following executory contracts and unexpired leases shall either be assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming plan, as modified by this Motion, the automatic say of 11 U.S.C. §362(a) shall be lifted and modified with respect to a such agreement and any property held by the creditor of lessor, included but not limited to any security deposit "for cause under 11 U.S.C. §362(d)(1)".

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| 25- A CHEAP RIDE | SERVICE CONTRACT | ASSUMED |
| 26- AARON'S | WASHER AND DRYER | ASSUMED |
| 27- STARLA SCOGGINS | RENT TO OWN HOUSE | ASSUMED |
| 28- WHY NOT LEASE IT? | HHG'S | ASSUMED |

15. Priority claims shall be paid in full over the term of the Plan;
16. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;
17. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, that automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditors claim of the subject of such objection shall not vest in the Debtor(s) but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);
18. That the attorney for the Debtor(s) is requesting compensation for services in the amount of **$3,700.00** plus costs advanced of **$354.00**, as reflected in the Rule 2016 Disclosure of Compensation (or Amended Disclosure, if applicable) filed with the Court, of which **$0.00** was paid to counsel prior to filing. The Trustee recommends to the Court a fee of $**3,700.00**, plus costs advanced of **$354.00**, for a sum of **$4,054.00** to be paid to counsel through the plan. If the amount recommended to be paid is different from that requested, an explanation can be found in Exhibit "A".

DATED: **NOVEMBER 11, 2014**

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC 27661-1039

Revised 04/1/14

EXHIBIT "A"

| | | |
|---|---|---|
| **NAME OF DEBTOR(S):** VICYTORIA CHERYL-LEIGH SORENSEN | | **CASE NUMBER:** 14-04373-5-DMW |
| | | **GROSS INCOME:** |
| **EMPLOYMENT:** Debtor: BETHESDA HEALTHCARE | | $3,814 |
| PART TIME JOB | | $1,317 |

BUSINESS:                    NON-BUSINESS:  X

Prior Bankruptcy Cases: Yes:   No: X
If so, Chapter  filed:   Disposition:

Real Property:  (Brief Description:  Ex - H&L, mobile home, etc)
Description:  NONE

| | | | | |
|---|---|---|---|---|
| FMV | $0 | Date Purchased | | |
| Liens | $0 | Purchase Price | $ | |
| Exemptions | $0 | Improvements | $ | |
| Equity | $0 | Insured for | $ | |
| Rent | $550 | Tax Value | $ | |

Tenants by Entirety:  Yes ()     No ()

COMMENTS:

Attorney Fees and Costs Advanced*
Requested:         $3,700.00(excluding filing fee)
Costs Advanced:   $  354.00
Paid:              $     0.00 (excluding filing fee)
Balance:           $4,054.00

Trustee's Recommendation: $3,700.00 plus $354.00
Comments:   JOHN T. ORCUTT
*Costs Advanced include expenses such as  Filing Fee, Credit Reports, Credit Counseling Expenses, and Judgment searches, as itemized on the Rule 2016 Disclosure (or Amended Rule 2016 Disclosure, if filed)

| Plan Information: After 341 | | | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $51,755 | Pay in | $25,228 | Priority | 100% |
| Priority | $ 8,394 | Less 6% | $ 1,514 | Secured | 100% |
| Secured | $10,714 | Requested | | Unsecured | 1% |
| Unsecured | $32,647 | Atty fee | $ 4,054 | Joint | 0% |
| Joint Debts | $     0 | Available | $19,660 | Co-Debts | 0% |
| Co Debts | $     0 | | | | |

Annual Review:       Yes: () No: (X)
Payroll Deduction:     () Yes    (X) No

Objection to Confirmation:      Yes ()    No (X)
Pending:
Resolved:

Motions Filed:        Yes ()  No (X)
If so, indicate type and status:
Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE:<br>VICYTORIA CHERYL-LEIGH SORENSEN<br><br>    DEBTOR(S) | CASE NUMBER:<br>14-04373-5-DMW<br>CHAPTER 13 |

### NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before **DECEMBER 8, 2014**  you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 791
Raleigh, NC  27602

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| | | |
|---|---|---|
| JOHN F. LOGAN<br>CHAPTER 13 TRUSTEE<br>PO BOX 61039<br>RALEIGH, NC  27661-1039 | VICYTORIA CHERYL-<br>LEIGH SORENSEN<br>92 PAUL REVIERE LN.<br>CAMERON, NC  28326 | JOHN T. ORCUTT<br>ATTORNEY AT LAW<br>6616-203 SIX FORKS RD.<br>RALEIGH, NC  27615 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED: NOVEMBER 11, 2014

   /s/ John F. Logan
John F. Logan, Chapter 13 Trustee
PO Box 61039
Raleigh, NC  27661-1039
(919) 876-1355

# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: VICTORIA CHERYL-LEIGH SORENSEN  CASE NUMBER: 1404373
DEBTOR 2 NAME:

I     Robert J Wallace, Jr.     certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on    11/10/2014    :

Via Electronic Delivery:

JOHN T. ORCUTT,ATTORNEY AT LAW,6616-203 SIX FORKS RD.,RALEIGH NC 27615

Via U.S. First Class Mail, or electronic service, if such interested party is an electronic filing user,
pursuant to Local Rule 5005-4(9)(b):

A CHEAP RIDE,ATTN: MANAGING AGENT,1205 LILLINGTON HIGHWAY,SPRING LAKE NC 28390
AARON'S,1095 NORTH BRAGG BOULEVARD,SPRING LAKE NC 28390
AMERICAN INFOSOURCE,agent for MIDLAND FUNDING,PO BOX 268941,OKLAHOMA CITY OK 73126-8941
AMERIFINANCIAL SOLUTIONS,PO BOX 602570,CHARLOTTE NC 28260
ATLAS ACQUISITIONS, LLC,ATTN:  MANAGER,294 UNION ST.,HACKENSACK NJ 7601
AUSTIN DAMON,323 JAMES H ROAD,CAMERON NC 28326
BULL CITY FINANCIAL SOLUTIONS,1107 WEST MAIN STREET,SUITE 201,DURHAM NC 27701
CHARTER COMMUNICATIONS,ATTN: MNG AGT,PO BOX 9001923,LOUISVILLE KY 40290-1923
CREDIT MANAGEMENT,4200 INTERNATIONAL PARKWAY,CARROLLTON TX 75007
CREDIT MANAGMENT, LP,PO BOX 1931,BURLINGAME CA 94011
DAVID AND DONNA DAMON,323 JAMES H ROAD,CAMERON NC 28326
DUKE ENERGY PROGRESS,PO BOX 1771,RALEIGH NC 27602
FINGERHUT,CREDIT BUREAU REPORTING SERVICES,6250 RIDGEWOOD ROAD,SAINT CLOUD MN 56303
FINGERHUT,DIRECT MARKETING, INC.,6250 RIDGEWOOD RD.,SAINT CLOUD MN 56303
FIRST POINT COLLECTION,PO BOX 26140,GREENSBORO NC 27402
FORT SILL NATIONAL BANK,ATTN: OFFICER,511 SW A AVE,LAWTON OK 73501
INTERNAL REVENUE SERVICE,ATTN:  CORRESPONDENCE,PO BOX 7346,PHILADELPHIA PA 19101-7346
INTERNAL REVENUE SERVICE,ATTN:  MANAGER OR REG. AGENT,PO BOX 7317,PHILADELPHIA PA 19101-7317
MIDLAND CREDIT MANAGEMENT,8875 AERO DRIVE, SUITE 200,SAN DIEGO CA 92123
NATIONAL FINANCE CO,151 PINNACLE PLACE,LITTLE RIVER SC 29566
NATIONAL FINANCE COMPANY, INC.,ATTN:  BANKRUPTCY SECTION,151 PINNACLE PL.,LITTLE RIVER SC 29566-7217
NATIONAL FINANCE COMPANY, INC,LYNDOON SOUTHERN INSURANCE,PO BOX 21646,COLUMBIA SC 29221
NC DEPT OF REVENUE,ATTN:  BANKRUPTCY UNIT,PO BOX 1168,RALEIGH NC 27602-1168
NC DEPT OF REVENUE,C/O NC DEPARTMENT OF JUSTICE,PO BOX 629,RALEIGH NC 27602-0629
PATTI BASS,ATTORNEY FOR UNITED CONSUMER FINANCIAL SERV,3936 E FT LOWELL RD STE. 200,TUCSON AZ 85712-1083
REGIONAL ACCEPTANCE CORPORATION,BB&T servicing account on behalf,BANKRUPTCY SECTION 100-50-01-51,PO BOX 1847 WILSON NC 27894
SECURITY FINANCIAL SERVICES,161 VENTURE DRIVE,SMITHFIELD NC 27577
SOUTHEAST FINANCIAL CREDIT UNION,444 JAMES ROBERTSON PARKWAY,NASHVILLE TN 37219
STARLA SCROGGINS,1048 APOLLO DRIVE,SODDY DAISY TN 37379
STEPHEN L. BEAMAN,ATTORNEY AT LAW,PO BOX 1907,WILSON NC 27894-1907
THE HONORABLE ERIC HOLDER,IRS,U.S. DEPARTMENT OF JUSTICE, 950 PENNSYLVANIA AVE.,WASHINGTON DC 20530-0001
THE LAW OFFICE OF STEPHEN L. BEAMAN,ATTORNEY FOR A CHEAP RIDE AUTO SALES, INC.,PO BOX 1907,WILSON NC 27894-1907
UNITED CONSUMER FINANCE SERVICES,865 BASSETT ROAD,WESTLAKE OH 44145
US ATTORNEY'S OFFICE,C/O IRS,310 NEW BERN AVE., STE. 800, FEDERAL BLDG,RALEIGH NC 27601-1461
VICTORIA CHERYL-LEIGH SORENSEN,92 PAUL REVIERE LANE,CAMERON NC 28326
VITAL RECOVERY SERVICES, INC,PO BOX 923747,NORCROSS GA 30010-3747
WHY NOT LEASE IT?,ATTN: MANAGING AGENT,1750 ELM STREET, STE. 1200,MANCHESTER NH 3104

By Electronic Transmittal :
By Fax :

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date :    11/10/2014         Signature : _Robert J. Wallace, Jr._____

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38134